MELTON et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 17, 1903.)

No. 945.

1. CRIMINAL LAW—MAILS—FRAUDULENT USE—INSTRUCTIONS—BURDEN OF PROOF.
    In a prosecution for fraudulent use of the mails, an instruction that if the letter addressed to C. & Co. was found by C. on his desk, on or about the day of its date, in the place in which it was the custom of the clerks of the company to place letters that had come by mail for C.'s consideration, and the letter was written by defendant on the day of its date, and related to a scheme to defraud, charged in the indictment, which had been formed by one of the defendants, the jury would be authorized to assume that the letter was placed or caused to be placed in the post office by defendants, or one of them, "unless there be other circumstances or evidence which removes such presumption," was erroneous, as placing on the defendant the burden of rebutting the inferences arising from the evidence of guilt.

In Error to the District Court of the United States for the Northern District of Alabama.

A. E. Goodhue, for plaintiffs in error.

Wm. Vaughan and Thomas R. Roulhac, U. S. Atty.

Before PARDEE and SHELBY, Circuit Judges, and MEEK, District Judge.

SHELBY, Circuit Judge. The defendants below were indicted and convicted for fraudulently using the United States mail, in violation of Rev. St. § 5480, as amended by the act of March 2, 1889 (25 Stat. 873 [U. S. Comp. St. 1901, p. 3696]). There are 19 assignments of error. Several of them relate to the demurrers to the indictment, which we think were properly overruled. Other assignments relate to rulings on the rejection or admission of evidence, and the same questions may not arise on the second trial.

We shall proceed to consider an assignment of error based on the trial court's instructions to the jury. A material charge in the indictment was that the defendants, for the purposes alleged in the indictment, placed or caused to be placed certain described letters in the post office at Gadsden, Ala., addressed to Louis V. Clark & Co., at Birmingham, Ala. Louis V. Clark testified that he received the letters in question at Birmingham. "I found it," he said (referring to one of the letters), "on my desk, where it was the custom of the clerks in my office to place letters that had come by mail." The court, as a part of the general charge, instructed the jury:

"As to whether or not the letters, or any of them, set out in the indictment, were mailed at Gadsden by the defendants, or some one of them, I charge the jury as follows: If the jury find from the evidence that the letter addressed to Louis V. Clark & Co. was found by Louis V. Clark on his desk, on or about the day of its date, in the place where it was the custom of the clerks in said Clark's office to place letters that had come by mail, for his consideration, and said letter was written at Gadsden, Ala., by one of the defendants, on the day of the date thereof, and related to the scheme to defraud set forth in the in-

¶ 1. Nonmailable matter—Frauds and counterfeiting, see note to Timmons v. United States, 30 C. C. A. 86.

dictment which had been formed by defendants, then the jury, on such finding, may be authorized to presume that the said letter was placed or caused to be placed in the post office of the United States at Gadsden, Ala., by defendants, or one of them, unless there be other circumstances or evidence which removes such presumption."

The principle that there is a presumption of innocence of the accused—a presumption that enters into the trial of every criminal case—is elementary, and lies at the foundation of the administration of the criminal law. The charge, it seems to us, tends to some extent to deprive the defendants of that presumption. The jury are told that, if they find certain facts proved, they may presume that the defendants did a certain act necessary to their conviction. If it be conceded that so far there was no error—a question we need not decide—we must deal with the last two lines of the charge: "unless there be other circumstances or evidence which removes this presumption." The important inquiry was whether or no the defendants posted the letters at Gadsden. From proof of certain facts the court said the jury were authorized to find that they did so post them, unless there was other evidence favorable to the defendants which "removes such presumption." This is, in effect, to instruct the jury that the proof of certain facts showed defendants guilty of the act in question, and shifted the burden of proof to the defendants to remove the presumption.

In McKnight v. United States (C. C. A.) 115 Fed. 972, the trial court, having correctly instructed the jury as to inferences that could be drawn from the evidence against the defendant, was held to have erred in adding that the burden was thrown on the defendant to rebut such inferences. The jury should not be so instructed, because the presumption of the defendant's innocence may be sufficient to prevent the jury's drawing an inference, although they are authorized or permitted to draw it. The burden of proof is not shifted. It is on the government to prove the guilt of the defendant beyond a reasonable doubt.

In Coffin v. United States, 156 U. S. 432, 15 Sup. Ct. 394, 39 L. Ed. 481, the trial court instructed the jury:

"That when the prohibited acts are knowingly and intentionally done, and their natural and legitimate consequences are to produce injury to the bank or to benefit the wrongdoer, the intent to injure, deceive, or defraud is thereby sufficiently established to cast on the accused the burden of showing that their purpose was lawful and their acts legitimate."

The Supreme Court held this charge was error, saying:

"The error contained in the charge, which said, substantially, that the burden of proof had shifted, under the circumstances of the case, and that therefore it was incumbent on the accused to show the lawfulness of their acts, was not merely verbal, but was fundamental, especially when considered in connection with the failure to state the presumption of innocence."

The judgment of the court must be reversed, and the case remanded for a new trial.